UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CATHLEEN GAMEZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 3:15CV497-PPS |
| CAROLYN COLVIN, Acting Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Cathleen Gamez, acting *pro se*, appeals the decision of an Administrative Law Judge denying her application for Social Security disability benefits. [DE 1.] Judicial review of that decision is limited. If an ALJ's findings of fact are supported by "substantial evidence," then they must be sustained. *See* 42 U.S.C. § 405(g); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). Gamez claims to have become disabled following a car accident in 2009, after which she received private disability benefits in the short-term and then on a longer term basis. [DE 9 at 28.][1]

In the aftermath of the accident, Gamez underwent a discectomy and fusion to address persistent neck pain. [*Id*. at 29.] The ALJ found that Gamez had two severe impairments: cervical degenerative disc disease/post laminectomy syndrome and

---

[1] The administrative record is found in the court record at docket entry 9, and consists of 571 pages. I will cite to its pages according to the court's Electronic Case Filing page number, rather than by the Social Security Administration's Bates stamp numbers, which don't begin until page 6 of 571 as the pages are enumerated in ECF.

obesity.  [*Id*. at 26.]  The ALJ ultimately concluded that Gamez retained the residual functional capacity to perform sedentary work with certain functional limitations intended to address her claims of diminished mobility, periods of pain and the effects of pain medications. [*Id*. at 27, 32.]

This judicial appeal actually comes after two ALJ hearings and two ALJ decisions, each followed by a request for the administrative Appeals Council's review. After the ALJ's first decision [DE 9 at 83], the Appeals Council remanded Gamez's case to the ALJ for a new hearing [*id.* at 100], and directed that the ALJ give additional consideration to Gamez's maximum residual functional capacity.  [*Id*. at 101.]  After the remand and a new hearing, the ALJ issued a second decision on March 26, 2014, again concluding that Gamez was not disabled.  [*Id*. at 24.]  Gamez sought a second reversal by the Appeals Council, but her appeal was unsuccessful. [*Id*. at 6.]

The Appeals Council's second decision reflects that the Council looked at medical records Gamez submitted to it from the i-Spine Institute dated May 2, 2014 through November 12, 2014 and May 13, 2015. Here's what the Appeals Council had to say about this late arriving new information:

> This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before March 26, 2014.  If you want us to consider whether you were disabled after March 26, 2014, you need to apply again.  The new information you submitted is available in your electronic file for you to use in your new claim.

[*Id*. at 7.]

Now Gamez comes to the federal court seeking a reversal of the ALJ's decision that she was not disabled. The ALJ's written Decision explains her conclusion that "[t]he claimant has not been under a disability, as defined in the Social Security Act, from May 4, 2009, through the date of this decision." [*Id*. at 34.] The date of that decision was March 26, 2014, and it stands as "the final decision of the Commissioner of Social Security in [Gamez's] case." [*Id*. at 6.] The process of review, both administrative and judicial, focuses on the correctness of that decision at the time it was rendered, based on the evidentiary record that was before the ALJ. As the Appeals Council explained, medical records reflecting Gamez's condition on later dates in 2014 and 2015 aren't relevant to determining whether the ALJ's decision was flawed.

To hold otherwise would be to put Social Security cases on a never ending merry-go-round where appeals are taken based on new information, followed by remands to consider that new information, followed again by another appeal and potentially additional new information, and so on. There has to be finality to a request for benefits. But that does not leave the applicant out of luck. She can reapply for benefits and provide the updated medical records in the renewed application. That is what the Appeals Council was advising Ms. Gamez to do. While this may seem unwieldy, the need for some sense of finality to the original request for benefits is important.

Unfortunately, Ms. Gamez has repeated the same approach in this judicial appeal, submitting the same post-ALJ medical records [DE 12 at 3-5], to which she also added even more recent medical records from December 2015 and mid-2016. [DE 12 at 2, DE 17 at 2-5.] Perhaps Ms. Gamez is simply being persistent or perhaps she doesn't fully understand what the Appeals Council (and now this Court) has told her. But in either event, Ms. Gamez has to start the process anew. This is because the only stated basis for her complaint to this court is that "[e]vidence since April 2014 was not considered" by the Commissioner. [DE 1 at 1.] But as the applicable regulations provide:

> The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it that relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence that does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will explain why it did not accept the additional evidence and will advise you of your right to file a new application.

20 C.F.R. §404.976(b)(1). The Appeals Council's action in Gamez's case was just as this regulation requires. "Medical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision and therefore does not meet the materiality requirement." *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008). *See also Rice v. Barnhart*, 384 F.3d 363, 366 n.2 (7th Cir. 2004) (evidence that was not before the ALJ, and any argument based on such evidence, cannot support a court finding of reversible error).

4

Gamez's treating physician strongly supports her disability application, and I fully understand that Ms. Gamez believes Dr. Gottlieb's repeated indications in this regard should influence the Commissioner to award her disability benefits. Perhaps it will. But the medical records based on her treatment *after* the ALJ's last decision can't be relied upon as a basis to reverse her denial of benefits. "Medical records that were not available to the ALJ cannot be used to determine the correctness of the ALJ's decision." *Slayton v. Colvin*, 629 Fed.Appx. 764, 771 (7th Cir. 2015). *See also Eads v. Secretary of the Dep't of Health and Human Services*, 983 F.2d 815, 818 (7th Cir. 1993) ("courts may not reverse an administrative law judge's decision on the basis of evidence first submitted to the Appeals Council").

As the Appeals Council explained to Ms. Gamez, she must file a new application in order to make the more recent medical information a part of the record on which the disability decision would be made: "If you want us to consider whether you were disabled after March 26, 2014, you need to apply again. The new information you submitted is available in your electronic file for you to use in your new claim." [DE 9 at 7.] If a claimant's condition has worsened after the ALJ rendered her decision and more recent medical evidence is to be considered, the claimant must file a new application for benefits. *Getch*, 539 F.3d at 484.

In the meantime, Gamez's appeal to this court does not present a basis for reversing the ALJ's decision, because she attempts no showing that the decision was not

supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In making a substantial evidence determination, I must review the record as a whole, but I can't re-weigh the evidence or substitute my judgment for that of the ALJ. *Overman*, 546 F.3d at 462. The ALJ's decision must provide an "'accurate and logical bridge' between the evidence and the conclusion that the claimant is not disabled," to enable the reviewing court to assess the Commissioner's ultimate determination as to disability. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008), quoting *Young v. Barnhart*, 362 F.3d 994, 1002 (7th Cir. 2004). Gamez's challenge, based entirely on post-decision medical evidence, fails to show that the ALJ's decision does not meet these standards.

ACCORDINGLY:

The final decision of the Commissioner of Social Security denying plaintiff Cathleen Gamez's application for Disability Insurance Benefits is AFFIRMED.

The Clerk shall enter judgment in favor of the Commissioner and against plaintiff Gamez.

**SO ORDERED**.

ENTERED: December 14, 2016

                                                    /s/ Philip P. Simon
                                                    **PHILIP P. SIMON, CHIEF JUDGE**

**UNITED STATES DISTRICT COURT**